IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PHYLLIS J. KRATZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-691-GPM |
| | ) |
| **PFIZER, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Plaintiff Phyllis J. Kratz brings this action to recover for personal injuries that she has suffered allegedly as a result of taking Lipitor, a prescription medication that is manufactured and distributed by Defendant Pfizer, Inc. ("Pfizer"). This case was filed originally in the Circuit Court of the First Judicial Circuit, Saline County, Illinois, and has been removed to this Court by Pfizer; federal subject matter jurisdiction is alleged pursuant to 28 U.S.C. § 1332. Having reviewed Pfizer's notice of removal, the Court discerns a flaw in Pfizer's allegations of jurisdictional fact.

The exercise of federal subject matter jurisdiction in diversity requires generally that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983)). *See also Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."). For purposes of diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006). Finally, for diversity purposes, the citizenship of a corporation is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981). Pfizer, as the removing party, has the burden of proof as to the existence of federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).

In this instance, Pfizer's notice of removal properly alleges that Pfizer is a corporation incorporated under Delaware law with its principal place of business in New York, so that Pfizer is a citizen of Delaware and New York for diversity purposes. Also, Pfizer's notice of removal properly alleges that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Unfortunately, Pfizer's notice of removal fails properly to allege complete diversity of citizenship in this case. Regarding Kratz, Pfizer's notice of removal alleges that she is a "resident" of Illinois. Doc. 2 at 2 ¶ 4. This is not correct. To invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen of a state, not a resident of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). *See also Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) ("[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of [diversity] jurisdiction."); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("In his amended complaint and appellate brief, [the plaintiff-appellant] alleged only his residence, not his citizenship. An allegation of residency, however, is insufficient to establish diversity jurisdiction."); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each. Of course, allegations of residence are insufficient to establish diversity jurisdiction."). Pfizer must amend its notice of removal to allege that Kratz is a citizen of Illinois, not a resident of Illinois, in order properly to invoke the Court's diversity jurisdiction.

To conclude, Pfizer is **ORDERED** to file an amended notice of removal that alleges that Kratz is a citizen of Illinois, not a resident of Illinois, for purposes of federal diversity jurisdiction not later than 12:00 noon on Friday, October 1, 2010.  The Court reminds Pfizer that the jurisdictional facts contained in its amended notice of removal must be alleged not on the basis of "information and belief" but on personal knowledge.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).  Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the First Judicial Circuit, Saline County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *1, *3 (S.D. Ill. Oct. 26, 2009); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED:  September 20, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge